**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GLENN LEE TRIBBLE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | No. 3:10-CV-559-M |
| | ) | |
| **DEPUTY NFN WILLIAMS, ET AL.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Parties**

Plaintiff filed this suit pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding *pro se*, and the Court has granted him permission to proceed *in forma pauperis*.  Defendants are Deputy Williams, the Dallas County Sheriff's Department, Officer Henderson, Dr. Paine, nurse Nancy, and dental assistant Jones.

**II.  Background**

Plaintiff alleges that while he was incarcerated, Defendant Williams assaulted him.  He states his hands were handcuffed behind his back when Deputy Williams pushed and tripped him and slammed him into the ground.  As a result, he states his front two teeth were cracked and chipped.  He claims Dr. Paine, nurse Nancy and dental assistant Jones failed to provide proper medical care for his injury.  He states Officer Henderson denied him his medication and

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -1-

threatened to have him harmed again.  He seeks money damages.

### III.  Discussion

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That

section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil
> action in which a prisoner seeks redress from a governmental entity or officer or
> employee of a governmental entity [and] [o]n review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is
> frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)
> seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing

fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds

that the complaint is frivolous or fails to state a claim upon which relief may be granted.  A

complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490

U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when

it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that

would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### A.    Dallas County Sheriff's Department

Plaintiff names the Dallas County Sheriff's Department as a defendant.  A plaintiff may

not bring a civil rights action against a servient political agency or department unless such

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

agency or department enjoys a separate and distinct legal existence.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).  A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority."  *Darby*, 939 F.2d at 313 (agency of city government).  Governmental offices and departments do not have a separate legal existence.  *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence).  *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same).  The Dallas County Sheriff's Department should therefore be dismissed.

**B.      Medical Claims**

Plaintiff argues Defendants Dr. Paine, nurse Nancy, dental assistant Jones and Officer Henderson denied him proper medical care for the injury to his teeth.  Plaintiff's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution.  U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  To establish a constitutional violation, Plaintiff must show that jail officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain."  *Id*. 429 U.S. at 106.  This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk.  *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -3-

In this case, Plaintiff states he was injured on June 6, 2008.  On that same day, he was

taken to Parkland Hospital and was released the next day to return to jail.  On the day he returned

to the jail, June 7, 2008, he was seen at the jail by Dr. Paine.  Dr. Paine glued the cracked,

broken teeth back together.  Plaintiff alleges this care by Defendants was inadequate.

Accepting Plaintiff's allegations as true and resolving all disputed facts in his favor,

Plaintiff cannot raise a claim cognizable under § 1983.  Plaintiff disagrees with the type of

treatment he received.  A disagreement of opinion as to the correct medication and/or medical

treatment does not constitute an actionable civil rights claim, but at most, a possible claim of

medical malpractice appropriately addressed under state law.  *E.g. Estelle*, 429 U.S. at 107-108;

*Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321

(5th Cir. 1991); *Fielder v. Bosshard* 590 F.2d 105, 107 (5th Cir. 1979).

Plaintiff also alleges Officer Henderson denied him his medications.  Although the

Magistrate Judge's Questionnaire ordered Plaintiff to provide all facts regarding his claims,

Plaintiff has failed to state when he was denied the medications, what medications he was

denied, and what harm he may have suffered.  Plaintiff has failed to establish a constitutional

violation.

Plaintiff also states Officer Henderson threatened to have him harmed again.  Verbal

threats, however, do not support a constitutional violation.  *Sigler v. Hightower*, 112 F.3d 191,

193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)).

C.    **Excessive Force**

Petitioner alleges that Deputy Williams pushed and tripped him, and slammed him into

the ground when his hands were handcuffed behind him.  Taking Plaintiff's allegations as true,

the Court is unable to determine at this point that Plaintiff's allegations are frivolous.  The Court

finds that Plaintiff's claims against Defendant Williams should proceed and process should be

issued as to this Defendant.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims against Defendant Williams should

proceed and process should be issued as to this Defendant; and (2) Plaintiff's remaining claims

should be dismissed with prejudice as frivolous.

Signed this 9th day of June, 2010.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**


A copy of this report and recommendation shall be served on all parties in the manner

**Findings and Conclusions of the
United States Magistrate Judge**          Page -5-

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).