# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| GLENN LEE TRIBBLE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3-10-CV-559-M (BF) |
| ) | |
| DEPUTY NFN WILLIAMS, ) | |
|     Defendant. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge for pretrial management. On September 28, 2010, Defendant Deputy NFN Williams filed a Motion to Dismiss. Plaintiff failed to respond to the Motion to Dismiss. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

## Background

On March 22, 2010, Plaintiff filed this complaint alleging that Defendant violated his civil rights. On March 31, 2005, Plaintiff was granted leave to proceed *in forma pauperis* and advised that he is required to notify the Court of any change of address by filing a written Notice of Change of Address with the Clerk. Plaintiff was further advised that failure to file such notice may result in this case's dismissal for failure to prosecute. (Order of March 31, 2010.)

On July 27, 2010, Defendant's counsel mailed a copy of Defendant's Original Answer to Plaintiff, via Certified Mail, Return Receipt Requested, at Plaintiff's address on file with the Court. (Def. Mot. to Dis. Ex. A.) On or about August 16, 2010, Defendant's counsel received the copy, return to sender. The envelope was stamped "Return to Sender, Unclaimed." (*Id.*)

On August 20, 2010, the Court entered an Order requiring the parties to file a report for contents of scheduling order. The Court ordered Plaintiff to provide Defendant's counsel a written

response to each of the numbered paragraphs in Part II of the Order on or before September 10, 2010. (Order of August 20, 2010.) Plaintiff has not sent Defendant's counsel his written responses.

On September 24, 2010, Plaintiff filed a "Motion of Prosprities" (doc. 22). The Plaintiff did not attach the required certificate of service and did not serve a copy of the Motion on Defendant's counsel.

## Discussion

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action, on a defendant's motion, for a plaintiff's failure to prosecute or to comply with rules or court orders. FED. R. CIV. P. 41(b). Plaintiff has failed to comply with the Court's August 20, 2010 order. He did not include a certificate of service with his Motion for Prosprities nor did he serve Defendant's counsel with a copy of the Motion. Finally, he has either failed to notify the Court of a change of address or he is intentionally refusing to accept certified mail from Defendant's counsel. His complaint should be dismissed for want of prosecution.

## Recommendation

For the foregoing reasons, the Court recommends that the District Court GRANT Defendant's Motion to Dismiss, filed September 28, 2010, and dismiss the Complaint without prejudice for want of prosecution pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO RECOMMENDED, October 26, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc)